REAVLEY, Circuit Judge,
concurring in part and dissenting in part.
I would affirm the judgment. We affirm the bankruptcy court’s distribution of estate funds, and that is all I see before us.
The two law firms had obtained a large recovery in the lawsuit against Lamajak, Inc., enough to satisfy all creditor claims, and then the court had only to distribute what was left. The firms filed fee applications, to which the debtor Frazin objected and then filed numerous claims against them, including negligence and malpractice and even deceptive trade practice, all directed at the conduct of the lawyers relat *326 ed to the lawsuit against Lamajak, Inc. There was no use of the word counterclaim and no pleading meeting Rule 8 requirements, as a counterclaim must do.
I need not spell out my objections to this court’s judgment because no harm is done, at least in this case, and the district court will no doubt simply dismiss whatever has been remanded. However, if it were necessary, I would hold that a bankruptcy court does not lose jurisdiction in deciding the administration of the estate when that has some collateral effect not easily avoided.